## PAUL G. RAST AND ANOTHER v. W. J. BERGQUIST AND ANOTHER.[1]

January 23, 1931.

No. 28,170.

*Ueland & Ueland,* for appellants.
*John A. Pearson,* for respondents.

STONE, J.

Action to recover upon a contract by defendants to repurchase stock sold by them to plaintiffs. There were findings for defendants. Plaintiffs appeal from the order denying their motion for a new trial.

September 30, 1929, defendants sold to plaintiffs 100 shares of Class A stock of the Central Public Service Corporation for $5,500, which plaintiffs then paid. They claim that defendants agreed to repurchase December 1, 1929, at $55 per share plus carrying charges at the prevailing bank rate. Defendants claim plaintiffs gave them a mere option to repurchase on or before December 1, 1929. Plaintiffs had sold this stock to defendants about August 1, 1929, at $47 per share. Its share value September 30, 1929, was substantially $56, and December 2, 1929, had fallen to $34.

[1]Reported in 235 N. W. 372.

September 30, 1929, defendants were desirous of selling the stock and so advised plaintiffs. At this time neither plaintiffs nor defendants were under obligation to buy or sell. There were no contract obligations between them relative to the stock. Defendants notified plaintiffs because they had bought of them. They might have sold the stock themselves or through a broker without violating a contract. Plaintiffs were desirous that the stock should not go on the market. For some reason, not clearly shown, they would not get commissions from those with whom they had originally dealt in the stock if it did. Here the trouble started. There was considerable warmth of feeling. Plaintiffs were insistent that it was not right that defendants put the stock on the open market. Defendants insisted that they must sell and would sell. Finally the parties came to an agreement. Plaintiffs gave defendants a check for $5,500, and defendants gave them the stock. It was agreed that plaintiffs would give them a confirmatory letter. They did so in the following form:

"September 30, 1929.

"Mr. Fred Bergquist,
"Merchants Trust Company,
"St. Paul, Minnesota.

"Dear Mr. Bergquist:

"We confirm purchase from you of one hundred shares Central Public Service Corporation Class A Stock at 55 stock to be held by us and re-delivered to you December 1, 1929, at $55 per share. The charges for the two months period to be at the prevailing bank rate. '

"Very truly yours,
"Rast & Company
"(Signed) P. G. Rast."

December 1, 1929, plaintiffs demanded the $5,500 and the carrying charges for the two months and tendered the stock. The defendants refused payment.

The transaction of September 30, 1929, was either a sale by defendants with the option to repurchase on December 1, 1929, or it

was a sale with an agreement on the part of defendants that they would repurchase on December 1, 1929. The trial court found the former.

Plaintiffs rely upon the principle, not at all questioned, stated in 5 Wigmore, Ev. (2 ed.) § 2425, as follows:

"When a jural act is embodied in a single memorial, all other utterances of the parties on that topic are legally immaterial for the purpose of determining what are the terms of their act."

Defendants claim, and it was the view taken by the trial court, that the confirmatory letter was not a completed contract, that it did not fix the terms of the contract in accordance with the plaintiffs' claim, and that the rights of the parties rested upon a fact to be determined by all the evidence before the court, including the oral testimony.

Whatever the oral agreement, it was made prior to the execution of the letter of confirmation. It was agreed that there would be such a letter. Plaintiffs claim that the letter is the sole memorial under the rule quoted from Dean Wigmore and that the agreement was integrated therein.

Fred Bergquist testified that Rast "made an offer of $55 and an option to repurchase and also suggested a letter binding the bargain so we could repurchase the stock for our option." Walter Bergquist testified that "when Mr. Rast left the office, I said to him, 'Don't forget the letter.'" Paul Rast testified: "There wasn't much of any further discussion as we completed the transaction except I told Mr. Bergquist in order to make the understanding clear as to the repurchase of the stock by them that I would write a letter as of that date." The negotiations were had in St. Paul. The letter above quoted was written from Minneapolis.

It is unquestioned that an arrangement was made by parol September 30. If the proof is left to the testimony of what took place that day there is a dispute as to its terms. The trial tribunal might find it either as to the plaintiffs' claim or the defendants' claim. The only dispute is as to the terms of the repurchase. The sale and the delivery and the price are not in dispute. The parties contem-

plated a confirmatory or explanatory letter to be written by the plaintiffs from Minneapolis. The plaintiffs wrote and the defendants received and retained such a letter. It fixes the rights of the parties, and but one construction in our judgment can be placed upon it. Plaintiffs were to carry the stock until December 1, 1929, at the current banking rate. Defendants were then to take it back at the price which they had received plus carrying charges.

The parol evidence rule applies whenever the parties have formulated and agreed upon a writing as the final repository and the conclusive and complete evidence of their intentions. Beyerstedt v. Winona Mill Co. 49 Minn. 1, 51 N. W. 619. It is not necessary that the writing be of formal character. "Acceptance of a written contract as such is sufficient though it is not signed by the person accepting it." 2 Williston, Contracts, § 633; Lundman v. U. S. F. & G. Co. 163 Minn. 303, 204 N. W. 159.

The order appealed from must be reversed.

So ordered.

DIBELL, J. (dissenting).

I think that Mr. Justice Stone makes an accurate and concise statement of the rule as to the integration of the term or terms of an agreement; but with the view I take of the testimony I am unable to agree that the confirmatory letter is necessarily the sole repository of the agreement and that there is no question of fact.