JULIUS HENVIT AND ANOTHER v. ERWIN HENRY KELLER
AND ANOTHER.[1]

September 29, 1944.

No. 33,744.

*Clifford W. Gardner,* for appellants.
*Guesmer, Carson & MacGregor,* for respondents.

[1]Reported in 15 N. W. (2d) 780.

Streissguth, Justice.

This is an action at law to recover for fraud in inducing plaintiffs to enter into a ten-year lease of an apartment hotel. The only damage alleged is the loss of anticipated net profits in the operation of the hotel, computed at $8,000 per year over the term of the lease. The appeal is from an order striking out certain allegations of an amended complaint on the ground that they were irrelevant, redundant, or indefinite.

The amended complaint contains numerous allegations of misrepresentation as to the completeness of the furnishings of the hotel, its state of repair, the condition of its equipment, and the gross and net income from its operation, none of which were challenged. Following these are allegations referring to provisions of the written lease that—

"the plaintiffs at its inception were to deliver to defendants the sum of thirty-five hundred and no/100 ($3,500.00) dollars, which sum as stated in the lease was to be for the last three and a half (3½) months of the term of the lease unless said lessors breached the conditions of the lease, at which time the said sum of thirty-five hundred and no/100 ($3,500.00) dollars was allegedly to be liquidated damages. That said lease provided that it could not be assigned without the consent of the defendant Keller."

The amended complaint then proceeds:

"That the defendants in order to induce the plaintiffs to sign and deliver said lease and take possession of the premises, represented to the plaintiffs that the sum of thirty-five hundred and no/100 ($3,500.00) dollars therein mentioned could be, at the option of plaintiffs, used to retire current rental at any time during the lifetime of the lease. That the defendants further represented as an inducement to obtain plaintiffs' signature thereto, that the conditions contained in the lease to the effect that the same could not be assigned without the written consent of the defendant Keller, was not to be in effect at all and said defendants represented to plain-

tiffs that they were at liberty to assign the lease at any time throughout its lifetime.

"That said defendants represented to plaintiffs that in regard to these two subjects, to-wit: the matter of the thirty-five hundred and no/100 ($3,500.00) dollars and the matter of the assignment of the lease, the same would not be binding upon plaintiffs."

It is further alleged that the representations referred to in the quoted portions of the complaint "were made for the purpose of illegally and unlawfully inducing plaintiffs to part with thirty-five hundred and no/100 ($3,500.00) dollars and to saddle themselves with a lease very strict in its terms." Also, that "prior to the execution of the lease and in reliance on the promises and representations made by the defendants, plaintiffs parted with a certain chattel mortgage in the sum of twenty-five hundred and no/100 ($2,500.00) dollars on other property and the further sum of one thousand and no/100 ($1,000.00) dollars, either in cash or in the form of notes which went to make up the so-called security-fund of thirty-five hundred and no/100 ($3,500.00) dollars"; that "the defendants accepted from plaintiffs the said thirty-five hundred and no/100 ($3,500.00) dollars mentioned in said lease in specie or kind agreeable to them prior to plaintiffs' possession of said property as herein set forth"; and, finally, that "the false, fraudulent, illegal and unlawful representations made by defendants, with the knowledge on defendants' part of their falsity, and made for the purpose of inducing plaintiffs to part with the thirty-five hundred and no/100 ($3,500.00) dollars and sustain damage, all of which representations were believed as the truth and relied on by the plaintiffs herein."

■ The order striking the quoted allegations as irrelevant and redundant was clearly proper. Plaintiffs, having affirmed the lease and sued at law for damages, could not include as an item of damage the $3,500 down payment or the security which they delivered to defendants in lieu thereof. Such payment in a proper case may be recovered in an action in equity for rescission, but clearly not where a defrauded party affirms the contract and sues

for damages. 2 Dunnell, Dig. & Supp. §§ 1815, 1815a, 1815b; 3 *Id.* § 3841; I. L. Corse & Co. v. Minnesota Grain Co. 94 Minn. 331, 102 N. W. 728.

■ Nor could actionable fraud be predicated upon promissory representations that the written stipulations of the lease would not be binding upon plaintiffs. This is not a case of fraud in the procurement of a written contract. There is no allegation that plaintiffs signed the lease in ignorance of the fact that it contained the provision in reference to the application of the $3,500 payment and the provision against the assignment of the lease; no allegation that plaintiffs were, through artifice or trick, induced to sign the lease without knowledge of its entire contents. In fact, the plain inference from the allegations quoted is that these provisions were specifically mentioned prior to the execution of the lease with a promise that they "would not be binding upon plaintiffs." The element of reliance necessary to complete a right of action for fraud is, therefore, entirely lacking. Nelson v. Berkner, 139 Minn. 301, 306, 166 N. W. 347, 349; Seifert v. Mutual Benefit L. Ins. Co. 203 Minn. 415, 281 N. W. 770; Northrop v. Piper, 199 Minn. 244, 271 N. W. 487; Greear v. Paust, 192 Minn. 287, 256 N. W. 190.

"When a jural act is embodied in a single memorial, all other utterances of the parties on that topic are legally immaterial for the purpose of determining what are the terms of their act." 9 Wigmore, Evidence (3 ed.) § 2425; Rast v. Bergquist, 182 Minn. 392, 235 N. W. 372. "Were the law otherwise," this court but recently said, "there would be an absurd futility in written contracts which it is the purpose of the parol evidence rule to prevent." McCreight v. Davey Tree Expert Co. 191 Minn. 489, 494, 254 N. W. 623, 624. In Towner v. Lucas, 13 Gratt. (Va.) 705, 716, the court hit the proverbial nail on the proper extremity when it said:

"It is reasoning in a circle, to argue that fraud is made out, when it is shown by oral testimony that the obligee, contemporaneously with the execution of a bond, promised not to enforce it. Such a principle would nullify the rule [excluding parol evidence]: for conceding that such an agreement is proved, or any other con-

tradicting the written instrument, the party seeking to enforce the written agreement according to its terms, would always be guilty of fraud. The true question is, Was there any such agreement? And this can only be established by legitimate testimony. For reasons founded in wisdom and to prevent frauds and perjuries, the rule of the common law excludes such oral testimony of the alleged agreement; and as it cannot be proved by legal evidence, the agreement itself in legal contemplation, cannot be regarded as existing in fact. Neither a court of law or of equity can act upon the hypothesis of fraud where there is no legal proof of it."

■ In respect to the representations concerning the condition of the hotel, the amended complaint alleged:

"* * * the representations that were made by the defendants * * * involved latent and hidden defects which were not noticeable to plaintiffs or discoverable by plaintiffs until they actually took possession of the premises and undertook to operate the same; that particularly with reference to the representations as to the condition of the plumbing, heating apparatus, elevator, roof and cleanliness of the building, the defects so stated here were undeterminable prior to the making of said lease and the actual possession thereof by plaintiffs and were not in fact discovered until the plaintiffs had operated the building for some time."

The court ordered that these allegations be stricken and "made more definite by specifying and identifying whatever is referred to as either latent or hidden defects * * * by specifying and identifying with particularity the precise defects claimed in each of the plumbing, heating apparatus, elevator, roof and cleanliness of the building, and that said portion be modified so that defendant Keller will know the approximate date when plaintiffs discovered each of the alleged defects." The court's order was entirely proper under Minn. St. 1941, § 544.17 (Mason St. 1927, § 9267), especially in view of its further order granting plaintiffs 20 days to file a second amended complaint to meet the charge of indefiniteness.

■ The final paragraph of the amended complaint alleges:

"That the defendant Keller is insolvent and cannot respond in damages and that a judgment against him would be worthless unless the same can be collected from such interest as he has in the real estate herein described; that upon information and belief, the defendant Wilcox is also insolvent and the only discoverable interest by plaintiffs that he has or owns is his interest in the real estate herein described; that a judgment without a lien against this specific property would be worthless and uncollectible."

This is followed by a prayer asking for judgment in the sum of $80,000, and "that the court impress the judgment for eighty thousand and no/100 ($80,000.00) dollars or any sum whatsoever obtained by plaintiffs in this action as a specific lien against the real estate herein described."

Considering the fact that no injunction against the transfer of the property involved was sought nor any writ of attachment applied for, these allegations were clearly redundant. Any money judgment recovered in the action would necessarily be a lien upon the property involved was sought nor any writ of attachment apwherein the property was situated, without being specifically so impressed.

Other stricken allegations of the complaint are governed by the rules we have referred to and need no special comment.

Order affirmed, with leave to plaintiffs further to amend their complaint within 20 days after the filing of the remittitur herein.