## FRED SOLLAR v. OLIVER IRON MINING COMPANY AND OTHERS.[1]

June 20, 1952.

No. 35,693.

*Stein & Stein,* for appellant.

*John M. Gannon, Nye, Montague, Sullivan, Atmore & McMillan,* and *Richard H. Hastings,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Action for damages based on the alleged mutual mistake of plaintiff and defendants in arriving at the amount due plaintiff for certain real property in North Hibbing. This is an appeal from an order striking paragraphs 1 and 4 of plaintiff's reply.

[1]Reported in 54 N. W. (2d) 114.

The complaint included allegations in substance as follows:

That plaintiff was the owner of lot 17, block 18, Southern Addition to Hibbing (North Hibbing), upon which a four-family stucco frame building was erected in 1919.

That defendants organized a "Committee known as the North Hibbing Purchase Committee" for the purpose of purchasing certain property in Hibbing, including plaintiff's.

That the purchase price of said property "was to be determined by an appraisal," known as the Dyer appraisal,[2] made in 1929 and "later prepared in part by the defendant and Oliver Iron Mining Company employees as a basis in determining the cubical contents and values of the property located in North Hibbing," including plaintiff's property.

That defendants never advised plaintiff, or others involved, "how the cubical content of a building was worked out" in the Dyer appraisal.

"That said Dyer Appraisal, mistakenly taken and unknown to the parties hereto, described the building owned by the Plaintiff * * * as having a cubical content of 77,680 feet, whereas the actual and correct cubical content of said building was 96,732" cubic feet, "and that this mistake in the quantity resulted in a decrease in computation of the valuation of said building owned by said plaintiff to the extent of $8,492.67."

That in the Dyer appraisal plaintiff's property was appraised at $21,556 by applying an agreed-upon factor to the cubical contents of plaintiff's property, as shown in the appraisal, and thereafter deducting from this result an agreed-upon depreciation. That if the correct cubical contents had been used as the basis for the application of the factor agreed upon, plaintiff's property would have been appraised at the sum of $30,048.67.

That in November 1941 plaintiff, acting in reliance upon the estimate of the cubical contents of his structure in the Dyer appraisal and upon the estimates of the North Hibbing Purchase Committee, offered to sell his property to defendants for $21,000,

---

[2]See, Spensley v. Oliver I. Min. Co. 216 Minn. 451, 13 N. W. (2d) 425.

the amount fixed in the Dyer appraisal, less the approximate average reduction therefrom prevailing in 1941 under the purchase plan of the committee. That "defendants also acting in reliance upon the accuracy and correctness of the Dyer Appraisal did accept plaintiff's offer and did purchase plaintiff's property for the sum of $21,000.00."

That plaintiff, some time after the sale of the property, discovered "that an error had been made in the Dyer Appraisal" with reference to the cubical contents as above described. "That by reason of the mutual mistake and error of calculation of the parties the plaintiff was induced to sell his property at a substantial loss, all to his damage in the sum of $8,492.67."

"That said building formerly owned by plaintiff and sold to defendants has been demolished so that it is impossible to place the parties to their former position and plaintiff therefore seeks compensation by way of money damages."

In their answer to the complaint, defendants in substance alleged:

That the Dyer appraisal was not an independent appraisal, but was a purported appraisal made under the control and direction of all the property owners involved, including plaintiff and other residents of Hibbing interested in the sale of such properties; and that defendants had nothing to do with the making of such appraisal.

That at no time did defendants agree or offer to accept such appraisal as representative of the true value of the properties. That it was considered only for the purpose of fixing the maximum amount which the companies associated in the plan would pay for the properties involved and determining the order in which purchases would be made.

As a further defense:

That plaintiff voluntarily offered to sell his property to the North Hibbing Purchase Committee in November 1941 for $21,000. That such offer was accepted by the North Hibbing Purchase Committee, and the property was purchased pursuant thereto at a price less

than the maximum amount set forth in the Dyer appraisal, which facts were known to both plaintiff and defendants.

That "more than six (6) years has accrued since the acquisition of plaintiff's alleged cause of action," which accrued not later than November 1941, the date of the sale of plaintiff's property to the aforesaid North Hibbing Purchase Committee.

As a further defense:

That a prior action involving the same parties and based on the same facts set forth in the complaint was tried at the general term of the district court at Hibbing in May 1949 and dismissed upon the merits at that time.

That a judgment based upon such dismissal was entered in the office of the clerk of the district court in Hibbing on September 26, 1949, and that the statutory period for appeal therefrom has expired. A copy of the judgment attached to the answer set forth:

"This cause having been regularly placed upon the calendar of the above named Court for the May, A. D. 1949 General Term thereof, came on for trial before the Court on the 11th day of May, A. D. 1949; and the Court * * * did on the 29th day of July, A. D. 1949, duly make and * * * file its findings and order for Judgment herein.

"Now, pursuant to said order and on motion of John M. Gannon, Robert C. Morton and Richard H. Hastings, Attorneys for the defendants, it is hereby adjudged that the plaintiff's cause of action against the defendants be and the same is hereby dismissed and that the defendants recover of the plaintiff the sum of Thirty and 24/100 Dollars, costs and disbursements * * *."

Paragraph 1 of plaintiff's reply contained a general denial of the allegations in the answer. Paragraph 4 thereof alleged "that on February 6th, 1945, plaintiff first discovered and determined the error in the Dyer Appraisal of the value of his property and that Six (6) years have not as yet elapsed."

Defendants thereupon moved to strike paragraph 1 of the reply on the ground that it was sham, and paragraph 4 on the ground that it was frivolous. The affidavit of one of the attorneys for de-

fendants was submitted in support of the motion. Therein he affirmed that the judgment in the prior action had been entered in the office of the clerk of the district court at Hibbing September 26, 1949, after a trial of the action and its dismissal upon the merits, and he set forth his conclusions that paragraph 1 of the reply was "false in fact in that it denies the allegation" of the answer setting up the prior judgment as a defense, and that paragraph 4 of the reply was "frivolous in that it does not under the facts pleaded, present a defense, and is lacking in legal sufficiency."

On August 28, 1951, the court made its order striking paragraph 1 and paragraph 4 of the reply. In a memorandum attached thereto, it stated that paragraph 1 had been stricken because of the failure of plaintiff to contradict the facts alleged in the affidavit relative to the prior judgment; and that paragraph 4 had been stricken because of the court's conclusion that the operation of the statute of limitations (M. S. A. 541.05) was not tolled until plaintiff's discovery of the alleged error in the Dyer appraisal but became operative as of the date of such appraisal. This appeal is from such order.

We are of the opinion that paragraph 1 of the reply should not have been stricken as sham, for the reason that it denied the allegations of the answer with reference to the entry of the prior judgment of dismissal. In their answers, defendants alleged that the prior action was dismissed upon the merits. The affidavit attached to the motion papers merely reaffirmed this conclusion. Plaintiff's verified general denial to this allegation in the answer had already placed this question in issue, and it would seem unnecessary to compel him to do so again by affidavit. There is nothing in the language of the judgment which in itself would establish as an undisputed fact that it constituted a dismissal upon the merits. It does not disclose whether it was made before final submission of the identical issues involved here or otherwise. It does not establish that the prior action was submitted upon the merits. In determining whether it was rendered on the merits, an examination of the record in the prior action to ascertain the issues determined therein

may become necessary. Melady-Briggs Cattle Corp. v. Drovers State Bank, 213 Minn. 304, 6 N. W. (2d) 454.

Since under his general denial plaintiff could submit evidence establishing that the judgment of dismissal was not on the merits so as to constitute a bar to the present proceedings, it would seem that the trial court erred in striking it from the reply. It is true that paragraph 1 of the reply denies even the entry of the prior judgment, but it seems clear that what was intended thereby was to place in issue not the judgment itself but rather the basis thereof. In the furtherance of justice, pleadings are to be liberally construed. With this in mind, we must hold that the trial court erred in striking paragraph 1 of the reply. 5 Dunnell, Dig. & Supp. § 7498a.

■ Paragraph 4 of the reply in effect pleaded that operation of the statute of limitations was tolled until plaintiff's discovery of the alleged mistake in the Dyer appraisal. The trial court held such allegations insufficient to prevent the tolling of the statute. We believe it was correct in this determination. Plaintiff's action is based upon the mutual mistake of the parties rather than fraud. The statute of limitations (M. S. A. 541.05) is not tolled by the failure of a party to discover an alleged mistake upon which a contract action is based. It is true that in cases of fraudulent concealment, by virtue of § 541.05(6), the limitation statute is tolled until discovery of the fraud, but this exception does not extend to cases based upon mistake only.

As stated in Weston v. Jones, 160 Minn. 32, 36, 199 N. W. 431, 433:

"The statute begins to run when the cause of action accrues and the courts have no power to extend or modify periods of limitation provided therein. * * *

"The circumstances which will suspend the running of our statute are enumerated in section 7710, G. S. 1913 [M. S. A. 541.15]. They do not embrace a case such as we have here. Section 7701, subdivision 6 [M. S. A. 541.05(6)], provides that, where relief is sought on the ground of fraud, the cause of action shall not be deemed to

have accrued until the discovery by the aggrieved party of the facts constituting the fraud; there is no such provision covering cases where a person has been deprived of his property as the result of a mistake of fact."

See, also, Township of Normania v. County of Yellow Medicine, 205 Minn. 451, 286 N. W. 881.

The complaint here makes it clear that the mistake, if any, in the Dyer appraisal was made at the time of its adoption in 1929. It follows that plaintiff's present action accrued in 1929 and was barred subsequent to 1935. Proof of anything alleged in paragraph 4 of the reply would not change or alter this fact. Therefore, the trial court was correct in striking it.

Reversed with directions to reinstate paragraph 1 only of the reply.