**Gladys BLOCK, Respondent,**

v.

**Patricia R. LITCHY, Appellant.**

**No. C4-87-2521.**

Court of Appeals of Minnesota.

Sept. 13, 1988.

William G. Mose, Brainerd, for respondent.

William P. Lines, Milaca, Paul Widick, St. Cloud, for appellant.

Heard, considered, and decided by SCHUMACHER, P.J., and RANDALL and MULALLY,* JJ.

## OPINION

RANDALL, Judge.

Appellant seller seeks relief from the trial court's order denying her motion for a new trial. Appellant claims the court erred in granting ownership of the property to respondent buyer after the contract for deed between the parties had been cancelled. Appellant also argues that the trial court erroneously awarded respondent unjust enrichment damages resulting from respondent's overpayments on the contract for deed. Finally, appellant contends that if respondent is entitled to damages, the statute of limitations bars all or part of the claim. We affirm in part, reverse in part, and remand.

## FACTS

On October 15, 1970, respondent Gladys Block entered into a contract for deed with appellant Patricia Litchy (and her now deceased husband, Walter Litchy) for the purchase of appellant's dairy farm. Respondent is a seventy-year-old divorced woman who suffered a stroke in 1979, although she is now in generally good health. Appellant is seventy-nine years old.

Under the terms of the contract, respondent owed appellant $33,600, and was to make biannual payments of $840 plus simple interest beginning March 1, 1971, and continuing for twelve years.

The contract also provided that .

at the buyer's option, and at such time as the buyer has paid 60 percent of the original cost of the real estate, the sellers must convey the fee title to said property by warranty deed.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

Respondent's payments throughout the term of the contract were erratic and of varying amounts depending on the productivity of the farm that year. Respondent kept no formal records of her payments on the contract for deed, but did make her payments by check.

In 1982, appellant, who also kept no formal records, erroneously informed respondent that approximately $8000 was left owing on the contract. Respondent did not dispute that amount at the time, but was unable to raise the money.

On October 30, 1986, appellant served a notice of cancellation of contract for deed on respondent. The notice stated that respondent owed $14,827.50 on the contract, $12,000 of which was principal and the remaining was interest accrued as of June 1, 1986.

In December 1986, respondent sought a temporary restraining order to postpone the contract cancellation. The trial court stayed cancellation proceedings by order on December 29, 1986.

The parties arrived at an agreement under which the court's order staying cancellation of contract for deed proceedings was dissolved and appellant was permitted to continue that action. Appellant filed her notice of cancellation of contract for deed on March 13, 1987, in the Crow Wing County recorder's office.

As part of the agreement, appellant allowed respondent to rent the premises from February 1, 1987, to April 30, 1987, for $325 per month, with an option to purchase the property for the entire "unpaid" balance and accrued interest. The parties agreed that if the stipulation was approved and confirmed by a district court judge, no hearing on the matter was necessary. The parties' agreement was approved by the court and incorporated in its March 9, 1987, order.

Respondent made the monthly rental payments from February through April, but was unable to raise the needed funds to exercise the option at the end of the rental period. Appellant's counsel sent a letter dated May 7, 1987, to respondent asking that respondent leave the farm by May 31, 1987.

On June 3, 1987, respondent filed her complaint with the court. In her complaint, respondent alleged she had paid over 60 percent of the purchase price, and therefore appellant breached the contract for deed by not giving respondent a warranty deed for the property as required by the contract. At this time respondent was still unaware that not only had she paid off the entire contract for deed, but she had overpaid appellant approximately $20,000. Respondent sought specific performance of the contract. Respondent also alleged she did not understand the stipulation included in the court's March 9, 1987, order and requested the order be vacated. Appellant made a counterclaim seeking immediate restitution of the farm property.

Sometime in late June or July 1987, respondent's employee located respondent's cancelled checks from her payments on the contract for deed. A summary of the checks indicated that respondent had completed full payment on the contract for deed in June 1979, and since that time had overpaid appellant approximately $20,000. Appellant concedes that respondent's cancelled checks speak for themselves, and does not dispute that the contract has been paid in full and that she has received substantial overpayment.

On August 4, 1987, the trial court heard arguments concerning appellant's claim that despite respondent's late proof of payment, the contract for deed had been legally cancelled, voiding respondent's interest in the property. Appellant contends that following the March order confirming a cancellation, all legal title now vests in her. At this August hearing, respondent filed her reply to appellant's counterclaim for legal title in which she alleged she had overpaid appellant more than $20,000 and should be reimbursed. At the hearing, the court joined the issues of legal title and unjust enrichment resulting from the overpayment to be tried together. Appellant objected to trying the issues together and wanted only the issue of ownership of the

property to be decided. Over objection, both issues were litigated together.

After a court trial on the merits of the case, the court entered judgment for respondent, awarding her possession of the property and ordering appellant to return all overpayments made by respondent, including interest.

Respondent sought to amend her complaint to conform to evidence adduced at trial in a post-trial motion heard November 3, 1987, at the same time appellant made her motion for a new trial. The trial court denied appellant's motion for a new trial and did not address respondent's motion to amend her complaint.

## ISSUES

1. Did the trial court properly award title of the real property to respondent?

2. Did the trial court properly award damages to respondent for unjust enrichment resulting from overpayment on the contract for deed?

## ANALYSIS

### I.

*Property Ownership*

■ Appellant argues that she owns the farm because the contract for deed was cancelled by the parties' stipulation incorporated into the trial court's March 9, 1987, order. Under appellant's theory, once the trial court entered its order permitting cancellation proceedings to continue, all respondent's legal rights in the farm were extinguished, equity notwithstanding, and legal title is vested in appellant.

Respondent, however, contends the stipulation and court's order should be vacated because both parties erroneously believed respondent was in default of the contract at the time they entered into the stipulation. Respondent points out that both parties now agree that respondent has fully performed on the contract for deed and, in addition, has substantially overpaid to appellant. Respondent argues that appellant will suffer no prejudice if the contract for deed is vacated because appellant admits

receiving every dollar to which the contract for deed entitles her. Conversely, if appellant is somehow allowed to retain legal title because of a mutual mistake, respondent will suffer severe and irreversible damage.

We agree with the trial court's ruling that respondent had fully paid off the property and is the rightful owner. However, although respondent's complaint sought vacation of the March 9th order, the trial court did not formally vacate the order, but instead merely ruled that respondent owned the property. To insure that respondent acquires clear title to the property, we remand to the trial court specifically to vacate the March 9, 1987, order allowing the contract for deed to be cancelled.

■ The trial court may vacate its order pursuant to Minn.R.Civ.P. 60.02. The rule lists six reasons for which the trial court may grant relief from an order. In the present case, the basis for the stipulation that led to the contract for deed cancellation was the parties' erroneous belief that respondent owed money on the contract for deed. Rule 60.02 permits the court to vacate an order or judgment due to the parties' mistake. Respondent filed her complaint on June 3, 1987, within the one year time limit provided by the rule in which the motion or action under Minn.R.Civ.P. 60.02, reasons (1), (2), and (3), must be brought.

We remand this case to the trial court and direct it to enter an order, pursuant to Rule 60.02(1), vacating its March 9th order due to the parties' mistake. Following vacation of that order, respondent shall be adjudged the legal owner of the real property in issue, and all rights of appellant in said property are extinguished. Appellant shall provide to respondent the necessary written documents to effectuate transfer of legal title.

### II.

*Unjust enrichment damages*

■ Appellant argues that the trial court improperly granted respondent damages for unjust enrichment resulting from overpayment to appellant. Appellant first claims respondent is not entitled to any

damages as she did not plead a cause of action in unjust enrichment. However, an issue not technically raised in the pleadings but tried with the implied consent of both parties shall be treated as having been raised in the pleadings. Minn.R.Civ.P. 15.02. While appellant did object at trial to joining the issues of unjust enrichment and property ownership, she admits she was not prejudiced by the joint trial of the issues. Appellant concedes that there is an issue of unjust enrichment, but simply wanted it tried separately from the question of legal title. Since there was no prejudice to appellant, the trial court properly joined the issues of title and damages.

Appellant contends that if there was unjust enrichment, the statute of limitations prohibits respondent's collection of part or all of her overpayments. The applicable time limit for bringing an action in unjust enrichment is six years. Minn.Stat. § 541.05, subd. 1(1) (1986).

The statute of limitations begins to run when the right of action accrues and when damage occurs. *Bonhiver v. Graff,* 311 Minn. 111, 117, 248 N.W.2d 291, 296 (1976). In this case, respondent was damaged and had a cause of action for unjust enrichment when she began overpaying in 1979.

Respondent claims that she is entitled to all overpayments, and argues that she had no knowledge of the extent of the overpayments until she found her cancelled checks. Respondent's ignorance of her cause of action does not necessarily toll the statute of limitations in the absence of fraud or deliberate misrepresentation.

Plaintiff's action is based upon the mutual mistake of the parties rather than fraud. The statute of limitations, Minn. Stat.Anot. § 541.05, is not tolled by the failure of a party to discover an alleged mistake upon which a contract action is based.

*Sollar v. Oliver Iron Mining Co.,* 237 Minn. 170, 175, 54 N.W.2d 114, 117 (1952).

In this case, respondent began her action in June 1987, when she served her complaint. Respondent thus is entitled to the return of all overpayments six years prior thereto. Appellant argues that respondent's unjust enrichment cause of action did not begin in June 1987, but rather began several months later when respondent made her reply to appellant's counterclaim and alleged she overpaid appellant. The date on which the claim was brought will determine whether respondent may recover a $5000 payment made August 1, 1981.

We agree with appellant that some of respondent's overpayments going back to 1979 are barred by the six year statute of limitations. We find that the August 1, 1981, overpayment is recoverable. Respondent's claim for unjust enrichment damages arises out of the cancellation of the contract for deed, the identical occurrence set forth in the complaint. The amendment to the complaint, including unjust enrichment damages, relates back to the date of the complaint. Minn.R.Civ.P. 15.03.

In addition to legal title, respondent is entitled to a judgment for overpayments made on August 1, 1981, in the amount of $5000; November 17, 1981, in the amount of $305; and August 30, 1982, in the amount of $4000. Respondent is also entitled to applicable interest on said overpayments.

## DECISION

We affirm the trial court's award to respondent, but remand to the trial court to vacate its March 9, 1987, order permitting cancellation of the contract for deed. This vacation revives respondent's contract vendee rights to the property. After vacation, since all contract for deed monies have been paid to appellant, fee simple legal title in the real estate in issue vests in respondent.

We affirm the trial court's order that the issue of unjust enrichment was properly litigated. We reverse that part of the unjust enrichment award for overpayments predating June 3, 1981. The record discloses that between August 1, 1981, and the present, respondent made overpayments of $9305, and is entitled to judgment for that amount. Respondent is fur-

ther entitled to both pre and post verdict interest, which the trial court shall calculate pursuant to Minn.Stat. § 549.09 (1986).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.